JUDGE HARDIN
delivered the opinion on the court:
By the 1st section of article 1, of chapter 64, of the Revised Statutes, it is provided, that “ it shall be the duty of the court to inquire after, and put under apprenticeship, such poor orphans and other children within its knowledge, whose relatives or parents the court shall judge will not bring them up in moral courses.”
And by the second section of said article it is provided, that “ before an order shall be made binding out any such child, the person with whom he shall reside shall be summoned to show cause to the contrary.”
By an act of the Legislature approved February 16th, 1866, the provisions of said article were amended with reference particularly to the altered condition of negroes and mulattoes by the abolition of slavery. The fourth section of this amendatory act declares, that “ when the minor is a negro or mulatto, it shall be the duty of the court, in apprenticing such minor, to give the preference to the former owner of said minor, if the owner shall request it, provided he shall be a suitable person.”
The order of the Marion county court, in this cas.e, recites, that, on the motion of William Newcom, “ Sam Thomas, a free colored boy, aged twelve years, was bound to him as an apprentice; said Newcom making it appear to the court that he is a suitable person to take charge of said boy, and that he was the former owner of said boy.”
Although no summons appears to have been issued, we infer, from the bill of exceptions copied in the record, that *85 the appellant, Lewis Smith, appeared and resisted the order of the county court, as the person with whom Sam Thomas resided at the time, and claiming to be the grandfather of the boy, whose father and mother were dead; and that he was qualified and willing to bring up the boy in moral courses ; and these facts, we think, the evidence fully establishes.
The boy appears to have been unnecessarily taken out of the custody of his grandfather, and taken into court to be bound to the appellee. „
Whether the statutory provisions above referred to, as amended, should be so construed as to give a preference to the former owner of a colored minor over a relative, in the selection of a master, where, as in this case, the relative is shown to be a suitable person to have the custody of the minor, we are of the opinion that, as it clearly appears no ground of necessity existed for binding out the boy, the court had no authority to do so.
Wherefore, the order of the county court is reversed, and the cause remanded, with directions to dismiss the proceeding.